JACOB & YOUNGS, INC., Appellant, *v.* GEORGE EDWARD KENT, Respondent.

First Department, April 4, 1919.

**Contract — action to recover balance due upon building contract — minor deviation from specifications through inadvertence or mistake — right of contractor to prove substantial performance and lack of damage to owner.**

Where, by inadvertence or mistake, a minor deviation has been made by a building contractor in the use of pipe, which involves no damage to the owner, and the latter takes possession of and continues to use the building without seeking to disturb in any respect the work done by the contractor, the latter in an action to recover a balance due is entitled to prove that he had substantially performed; that the defendant suffered no damage through such innocent mistake, and that what the owner received is what he had the right to expect to get under his contract.

APPEAL by the plaintiff, Jacob & Youngs, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of November, 1918, upon the verdict of a jury rendered by direction of the court.

*Frederick Hulse* of counsel [*Eidlitz & Hulse*, attorneys], for the appellant.

*Henry W. Hardon*, for the respondent.

DOWLING, J.:

This action is brought to recover the balance due upon a building contract made May 5, 1913, whereby the plaintiff agreed to provide all the materials and perform all the work for the erection, building and finishing of a private residence for the defendant at Jericho, L. I., in accordance with certain specifications at the agreed price of $70,500. Extra work was also done thereon to the extent of $7,244.44 and a balance is claimed to be due of $3,483.46. The complaint sets forth that the plaintiff duly performed all the terms and conditions of the contract on its part to be performed except in certain particulars thereinafter mentioned, which were that the specifications contained provision that all wrought iron pipe

must be well galvanized, lap-welded pipe of the grade known as "Standard pipe" of "Reading" manufacture; and that while the bulk of the wrought iron pipe furnished by the plaintiff was "Standard pipe" of Reading manufacture, a small amount was of South Chester Tube Company and of Cohoes Rolling Mills manufacture, which was in all respects as to quality, weight and price the same as "Standard pipe" of Reading manufacture. It is further alleged upon information and belief that such pipe so furnished conformed to the provisions of the specifications. The evidence shows that about 1,000 feet of Reading pipe was put in the building in September, 1913. This pipe was examined and found to be Reading pipe. All such pipe comes in 20-foot lengths and the manufacturer's name is either rolled therein or stenciled thereon. There was a subcontractor on the plumbing work for the plaintiff and he proceeded with the completion of his contract therefor and from 2,000 to 2,500 feet of pipe were installed in this building, all of it genuine galvanized wrought iron pipe. The building was completed, turned over to the owner and occupied by him about June, 1914. Not until March 19, 1915, was any claim made that the contract had not been satisfactorily performed for the erection of this house, but on that day the defendant's architect wrote plaintiff that other pipe than that of Reading manufacture had been found in the building, and that they must request that this pipe be replaced with Reading pipe as specified and that the plaintiff bear the expense thereof. Thereafter an examination was made and it was found that in fact while all the pipe installed was genuine galvanized wrought iron pipe, some of it bore no marks at all, due to the fact that as pipe is cut the manufacturer's mark may remain upon that part which is cut off or left unused, and not upon the part placed in the building. There were also found certain portions of pipe bearing marks, as claimed, of the National Steel Works, Cohoes Company and South Chester Company. In November, 1915, defendant's architect condemned the pipe and ordered the same done over to their satisfaction. In January, 1916, defendant's architect served a three days' notice under article 5 of the contract requesting that they be advised within three days whether plaintiff would undertake to comply with the specifications

First Department, April, 1919.          [Vol. 187.

and advising it that in case of its neglect or refusal to comply with any of the agreements contained in the contract, the owner was at liberty to provide any labor or materials necessary to complete the contract and might terminate plaintiff's relations with the work and employ some other person to finish the same and provide the materials at its expense. The defendant never took any further steps under this notice and never attempted to have the piping therein, other than Reading piping, removed or to have anything at all done in relation to the work, but has used the house in its completed condition with the piping as installed by the plaintiff.

This is not an action brought to recover the contract price of the work done where plaintiff has deliberately substituted something equally good for what was specified. On the contrary, plaintiff claims that it has substantially performed the contract but that through mistake and inadvertence, and not willfully, a minor deviation had been made through which defendant suffered no damage. There is no claim made that any such damage was caused the defendant. On the contrary, the plaintiff offered evidence to establish that all the pipe used in completing the contract upon this building was well galvanized, lap-welded wrought iron pipe known as " Standard pipe; " that it all had the same market value, the same weight per foot, the same thickness of walls, the same internal and external diameter, the same quality of galvanization, the same wearing qualities and the same external appearance. Plaintiff also sought to show the trade meaning of the words " Standard," " lap-welded " and " wrought iron." In other words, plaintiff sought to prove that every foot of pipe that went into this work was of the same value and quality as that which was called for and that the only departure from the specifications was that by inadvertence some pipe was placed in the building which was not manufactured by the same maker as that specified. If this had been done deliberately, plaintiff could not have claimed complete or substantial performance, for it had no right to willfully disregard the provisions of the contract or specifications. But where by inadvertence or mistake a minor deviation has been made which involves no damage to the defendant and defendant takes possession of and continues to use the building

without seeking to disturb in any respect the work done by the contractor, the contractor is entitled to prove that he had substantially performed, that the defendant suffered no damage through such innocent mistake, and that what the owner received is what he had the right to expect to get under his contract.

For the errors committed by the trial court in refusing to accept the testimony referred to, the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.